**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SharkDiver Consulting Incorporated, *et al.*, | No. MC-24-00016-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Gemini Direct LLC, *et al.*, | |
| Defendants. | |

At issue is the Expedited Motion to Transfer Pursuant to Rule 45(f) (Doc. 5, Mot.) filed by Defendants Gemini Direct, LLC and Steve Urvan, to which non-party Ammo, Inc. filed a Response (Doc. 8).

The litigation underlying the present dispute is before the District Court for the Northern District of Georgia. As part of Defendants' discovery in that matter, they wish to conduct a Federal Rule of Civil Procedure 30(b)(6) deposition of non-party Ammo, an Arizona company. Ammo now contests multiple aspects of the subpoena served by Defendants setting the deposition.

As the Court stated in its prior Order (Doc. 6), the proper vehicle for objecting to the contents of a Rule 30(b)(6) deposition notice—for example, to argue that it is disproportionate to the needs of the case under Rule 26(b)(1)—is the filing of a motion for protective order under Rule 26(c). *See ChriMar Sys. Inc. v. Cisco Sys. Inc.*, 312 F.R.D. 560, 561–62 (N.D. Cal. 2016). Rule 26(c) allows the movant to request a protective order

"in the court for the district where the deposition will be taken." Here, the Rule 30(b)(6) deposition notice Defendants served on Ammo specifies a deposition by Zoom, which is not a location where the deposition will be taken—or at least not just one location. Ammo is located in Arizona, so presumably it will give the deposition from Arizona. Therefore, Ammo's filing of the Motion to Quash or for Protective Order (Doc. 1) was arguably proper in this District.

Under Rule 45(f), Defendants have filed the present "Expedited Motion" (Doc. 5) asking this Court to transfer consideration of Ammo's Motion to Quash or for Protective Order (Doc. 1) to the subpoena-issuing court in the Northern District of Georgia. Rule 45(f) allows a court to transfer a subpoena-related motion to the subpoena-issuing court in "exceptional circumstances." The Advisory Committee's note to Rule 45(f) states that, as a starting point, the court's "prime concern should be avoiding burdens on local nonparties subject to subpoenas and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." But a transfer "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment; *see Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429–30 (N.D. Cal. 2014) (collecting cases and noting that attempting to circumvent the authority of the presiding judge in the underlying action is an exceptional circumstance contemplated by Rule 45). "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. "[T]he proponent of transfer bears the burden of showing that [the requisite exceptional circumstances] are present." *Id.*

In their Motion (Mot. at 3–6), Defendants conclusorily argue but fail to demonstrate that transfer of Ammo's motion for protective order to the Northern District of Georgia will avoid inconsistent rulings. Defendants state that the underlying litigation is "incredibly

complex" (Mot. at 5), but they do not point to a material issue wrapped up in Ammo's motion that has been or is being considered by the subpoena issuing court in the underlying litigation, unlike in the cases Defendants cite in which courts granted motions for transfer. *See Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, 2016 WL 159952, at *3 (D. Ariz. Jan. 14, 2016) (finding risk of inconsistent rulings where transfer movant showed the same issues involved in the subpoena-related motion were already being considered by the issuing court). Ammo's motion for protective order challenges Defendants' subpoena because it is overly broad, lacks particularity, and does not sufficiently identify a "place" for the deposition. (Doc. 1 at 8.) The Court cannot conclude that any of these issues are before the issuing court in the underlying litigation.

Defendants also state that the underlying litigation "spans multiple forums" (Mot. at 5), but Ammo shows that it is not the underlying litigation that spans multiple forums, but rather that there are multiple lawsuits in multiple forums. Defendants do not demonstrate that the issuing court is overseeing or has knowledge of the discovery in each of the multiple lawsuits, let alone is deciding material issues affecting those lawsuits. Where the Advisory Committee's note states that exceptional circumstances may exist where "the same issues are likely to arise in discovery in many districts," it implies that it would be beneficial to centralize consideration of those issues to an overseeing court where a single underlying lawsuit exists, unlike in this instance.

Rule 45(f) does not direct the Court to consider the case management schedule in the underlying litigation as an "exceptional circumstance." As stated above, in considering whether to transfer a subpoena-related motion, the "prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. In the absence of a showing of exceptional circumstances warranting transfer, as here, this "prime concern" is left as the only concern the Court may consider. As a result, the Court must deny the Motion to Transfer.

. . . .

. . . .

**IT IS THEREFORE ORDERED** denying the Expedited Motion to Transfer Pursuant to Rule 45(f) (Doc. 5).

Dated this 6th day of June, 2024.

Honorable John J. Tuchi
United States District Judge